[Crim. No. 3492.  Second Dist., Div. One.  Dec. 17, 1941.]

THE PEOPLE, Respondent, v. GLEN MARTIN et al., Appellants.

Vernon R. Hamilton and E. W. Miller for Appellants.

Earl Warren, Attorney General, and Eugene M. Elson, Deputy Attorney General, for Respondent.

DORAN, J.—In an information filed against them, appellants were each charged in the first count thereof with burglary, and in the second count with attempted burglary. Both appellants first entered pleas of not guilty as to the charges, but later changed their pleas to guilty as to the charge of burglary contained in the first count; and judgment was accordingly pronounced thereon. The second count of the information was dismissed as to each of the appellants. Both appellants moved the court to set aside their pleas of guilty and to be permitted to enter pleas of not guilty. Appellant Pope made his motion before judgment, appellant Martin after judgment. Appellant Martin's motion also was one to set aside the judgment. The motions were denied. The appeal is based upon the grounds that the convictions and judgments are against the evidence and the weight of the evidence; that the court erred in denying defendants' motions to set aside their pleas of guilty; and that the court erred in fixing the degree of burglary charged as of the first degree.

■ The motions for permission to change the pleas were based upon affidavits by appellants generally to the effect that the pleas of guilty were entered under the impression that the facts in the case would show the burglary to be of the second degree only and that appellants would not have entered a plea of guilty had they known that there was a possibility of the degree of the crime being fixed as that of the first degree; and that the pleas of guilty were also entered by appellants in reliance upon promises of leniency given in return for information, both as to other burglaries and as to "fences" receiving stolen property. In this regard, appellant Martin's affidavit states that the promises given him led him to believe that he would only receive a county jail sentence. Affidavits by members of the district attorney's staff, filed in opposition to appellants' motions for change of plea, deny any promise of leniency, and state in effect that after discussing appellants' case with the police officers it was made known that it would be satisfactory to the district attorney's office if appellants would plead guilty to one count of burglary. While the record indicates that the police officers may have promised appellants that their cooperation would be called to the attention of the court, it does not appear, except in appellants' affidavits, that, as to the matter of leniency, appellants were told anything more than that such a matter was one for the court to decide.

In any event, appellants have made an insufficient showing that their pleas of guilty were ignorantly induced, or were made through inadvertence or without due deliberation, or were made through motives of hope or fear unduly and improperly operating upon appellants' volition. At the most, it appears that appellants entered their pleas of guilty under a hope of leniency, knowing their rights and the consequences of their act. This fact, standing alone, presents no ground for the exercise of the discretion of the court in the matter of permitting a change of plea; and it cannot be said that the court abused its discretion in refusing to allow appellants to change their pleas to not guilty. (See 7 Cal. Jur. 1000, 1001, and cases cited.)

■ As to fixing the degree of the crime, it was stipulated that the burglary was committed between the hours of 11:30 p. m. and 7:30 a. m. The house entered by appellants was a large one, about fifty-six rooms according to appellants. It was occupied at the time and apparently well

manned by servants. Appellants claimed to have entered the house at 7:00 a. m. after wandering through the district most of the night seeking a suitable house to burglarize. Appellants contend that they gave a perfectly natural and logical explanation as to why they did not enter the house earlier than 7 a. m. There is considerable room for a difference of opinion as to the logic and reasonableness of the explanation; and appellants concede, necessarily so, that the ground of doubt, as provided in section 1097 of the Penal Code, which requires conviction of the lowest degree only, must be a *reasonable* ground of doubt. The trial court's view of the matter is summed up in the following excerpt from the record: "He has entered a plea of guilty to the burglary of an occupied residence, and his story that they entered this dwelling after daylight is in this court's judgment a farcical one, particularly as they further by their admission show that they had been out in this area at 12:30, and they tromped this whole area from 1:30 in the morning until 7:00 o'clock in the morning before they entered this occupied dwelling in the daytime while people were asleep in there, and this defendant went up in the second story where people were asleep in the daytime. That is preposterous, and the court refuses to be so gullible as to believe it, and the defendant knows in his own heart it is not true, no matter what he says here." This view of the court finds support in the record.

While the matter has not been called to the attention of this court by either party, it should be noted that judgment was rendered against Martin on April 3, 1941. It does not appear that appellant Martin gave any oral notice of appeal therefrom. Thereafter, and on April 30, 1941, Martin's motion to set aside the judgment and to enter a plea of not guilty was heard and denied. Appellant Martin did not file his written notice of appeal until May 3, 1941. This notice of appeal states that Martin appeals from the "conviction, judgment and sentence." It does not state that an appeal is taken from the order denying appellant's motion to set the judgment aside and to be allowed to change the plea. The elapsed time between rendition of the judgment and notice of appeal therefrom is thirty days.

The appeal is devoid of merit and the judgments are affirmed.

York, P. J., and White, J., concurred.